UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEIJING TRUELAKE CULTURE DEVELOPMENT LIMITED,<br><br>        Plaintiff,<br><br>   v.<br><br>NETEASE, INC.,<br><br>        Defendant. | Case No. 22-mc-80238-HSG<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

Beijing TrueLake Culture Development Limited ("TrueLake") filed an ex parte application for an order pursuant to 28 U.S.C. § 1782 authorizing service of a subpoena for documents on NetEase, Inc. ("NetEase"). Dkt. No. 1. For the reasons stated below, the Court **GRANTS** the application.

## I.   BACKGROUND

According to the application, NetEase, a Chinese internet technology company, infringed on copyrighted material exclusively owned by TrueLake, a Chinese corporation that publishes and distributes audiobooks. *See* Dkt. No. 1-1. The copyrighted material in question is work from comedian Sanli Ma. *Id.* at 7. TrueLake asserts that through the NetEase app and website, users can access and download audio content uploaded by others without permission from the owner. *Id.* at 6. TrueLake determined that some of its copyrighted titles, including works by Mr. Ma, are available on NetEase and were improperly accessed millions of times. *Id.* at 7.

TrueLake has brought a copyright infringement suit in China against Hangzhou NetEase Cloud Music Technology Co. Ltd. ("Hangzhou NetEase") and Hangzhou Ledu Technoloy Co. Ltd. ("Hangzhou Ledu"), subsidiaries of Cloud Music Inc. that developed and operate the NetEase platforms. *Id.* at 8. NetEase also owns a subsidiary in Brisbane, California. *Id.* at 6. TrueLake

requests permission to serve subpoenas on NetEase for discovery documents to quantify the extent of infringement and identify individuals involved in the unauthorized use. *See* Dkt. No. 1, Ex. A.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1782, a district court may order the production of documents or testimony for use in a foreign legal proceeding unless the disclosure would violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246–47 (2004). The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *Intel*, 542 U.S. at 246.

A district court is not required to grant an application that meets the statutory criteria, but instead retains discretion to determine what discovery, if any, should be permitted. *Id.* In exercising that discretion, the court considers several factors:

(1) whether "the person from whom discovery is sought is a participant in the foreign proceeding;"

(2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance;"

(3) whether the discovery request "conceals an attempt to circumvent foreign proofgathering restrictions or other policies of a foreign country or the United States;" and

(4) whether the discovery requested is "unduly intrusive or burdensome."

*Id.* at 264–65.

A district court's discretion is guided by the twin aims of § 1782: providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to U.S. courts. *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004). In the absence of evidence that a foreign tribunal or government objects to assistance from discovery under § 1782, the second factor weighs in favor of authorizing the subpoena. *See In re Med. Corp. Seishinkai*, No. 21-MC-80160-SVK, 2021 WL

3514072, at *3 (N.D. Cal. Aug. 10, 2021) (applicant represented that Japanese courts would be receptive to assistance from discovery in the U.S. and the court found no evidence to the contrary; subpoena issued). Regarding the fourth factor, courts have held that discovery under § 1782 of access logs or other records of a user's online activity are not unduly burdensome when the applicant demonstrates that they are relevant, necessary, and limited to a reasonable time period. *See id.* at *4–5; *see also Med. Inc. Ass'n Smile Create*, 547 F. Supp. 3d 894, 900 (N.D. Cal. 2021). The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261–63.

Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an ex parte basis, since "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quotation omitted). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application ex parte." *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

Unless the district court orders otherwise, the discovery the court authorizes must be obtained in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th Cir. 1994).

**III.   DISCUSSION**

    **A.   Statutory Requirements**

The application satisfies the statutory requirements of § 1782(a). *First*, the subpoena seeks discovery from NetEase, which resides in this district through its California subsidiary. *See* Dkt. No. 1-1 at 9. *Second*, TrueLake requests this discovery for use in a civil action that is currently

1    pending in China. *Id.* at 9–10. *Third*, TrueLake, as a plaintiff in the civil action in China, is an

2    interested person within the meaning of the statute. *Id.* at 10.

### B.     *Intel* Factors

Although the application satisfies the statutory requirements, the Court must also determine whether judicial assistance is appropriate by considering the *Intel* factors.

#### 1.     Participation of the Target in Foreign Proceeding

Under the first factor, the Court considers whether the person from whom discovery is sought is a party to the foreign proceeding. *Intel*, 542 U.S. at 264. However, "the key issue is whether the material is obtainable through the foreign proceeding." *In re Varian Med. Sys.*, 2016 WL 1161568, at *3 (internal quotation marks and citation omitted). Consequently, the first *Intel* factor "militates against allowing § 1782 discovery when the petitioner effectively seeks discovery from a participant in the foreign tribunal even though it is seeking discovery from a related, but technically distinct entity." *Id.* at 4 (quotation omitted).

TrueLake seeks discovery from NetEase, the parent company of the defendants in the civil action in China. Dkt. No. 1-1 at 5. Although NetEase itself is not a party in the civil action, a parent-subsidiary relationship tends to advise against § 1782 discovery. *See In re Varian Med. Sys.*, 2016 WL 1161568, at *3. However, the "key issue is whether the material is obtainable through the foreign proceeding." *Id.* TrueLake argues that NetEase is beyond the reach of the Beijing Internet Court and cannot be compelled to produce documents in the Chinese litigation. *See* Dkt. No. 1-1 at 11; Dkt. No. 1-2 ("Zhang Decl.") ¶ 20. Counsel for TrueLake submitted a declaration stating that it cannot obtain discovery from a non-party like NetEase. Zhang Decl. ¶¶ 20, 25. Under these circumstances, despite the parent-subsidiary relationship, the Court finds that this factor weighs in favor of authorizing service of the subpoena. *See In re Macquarie Bank Ltd.*, No. 2:14-CV-0797-GMN-NJK, 2014 WL 7706908, at *3 (D. Nev. June 4, 2014) (finding that although the target was a party to the foreign litigation, the first *Intel* factor weighed in favor of granting because the "foreign tribunal's procedural rules may not allow for the discovery sought"); *In re Varian Med. Sys.*, 2016 WL 1161568, at *3 (finding that although there was a

1  parent-subsidiary relationship, the first *Intel* factor was "neutral" because it was unclear if the
2  foreign tribunal could order the discovery sought).

### 2. Receptivity of Foreign Tribunal to U.S. Judicial Assistance

Under the second factor, the Court considers "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, 2016 WL 1161568, at *4. "If there is reliable evidence that the foreign tribunal would not make any use of the requested material, it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved." *Id.* Courts have denied requests for discovery where the foreign tribunal or government expressly states it does not want the assistance of a United States federal court under § 1782. *See*, *e.g.*, *Schmitz*, 376 F.3d at 84–85 (affirming denial of § 1782 request where German government expressly objected to the information sought due to concerns it would jeopardize an ongoing German criminal investigation, as well as German sovereign rights); *In re Ex Parte App. of Qualcomm Inc.*, 162 F. Sup. 3d 1029, 1040–41 (N.D. Cal. 2016) (concluding this *Intel* factor weighed heavily against discovery where Korea Fair Trade Commission filed an amicus brief stating it had no need or use for requested discovery).

However, where there is no evidence that the foreign government or tribunal would object to assistance from a United States federal court, this factor weighs in favor of authorizing discovery. *In re Med. Corp. Seishinkai*, 2021 WL 3514072, at *3. TrueLake argues that the Beijing Internet Court, like other Chinese courts, would be receptive to the evidence obtained under § 1782. Dkt. No. 1-1 at 12–13. TrueLake's attorney, who is licensed to practice in China, states that there is no reason to believe the Beijing Internet Court would reject the evidence. Zhang Decl. ¶¶ 22–23. In the absence of evidence that Chinese courts would object to TrueLake's discovery of the information sought in the subpoena, or that Chinese courts object more generally to the judicial assistance of U.S. federal courts, the Court finds that this factor weighs in favors of authorizing service of the subpoena.

5

### 3.     Circumvention of Proof-Gathering

Under the third factor, the Court considers whether the Applicant's request for discovery "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. "A perception that an applicant has side-stepped less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis." *In re Varian Med. Sys.*, 2014 WL 1161568, at *5 (citation omitted). Courts have found that this factor weighs in favor of discovery where there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014); *see also In re Eurasian Natural Resources Corp. Ltd.*, No. 18-mc-80041-LB, 2018 WL 1557167, at *3 (N.D. Cal. Mar. 30, 2018).

TrueLake's attorney states that she is not aware of any restrictions or policies under Chinese procedural or evidentiary rules that would prevent TrueLake from using the evidence sought under the subpoena. Zhang Decl. ¶ 22. Previous § 1782 applications have successfully relied on similar attorney statements to satisfy this factor. *See*, *e.g.*, *In re Med. Corp. Seishinkai* 2021 WL 3514072, at *3. In the absence of contrary information regarding the procedures acceptable to a Chinese court, the Court concludes that this factor also weighs in favor of authorizing service of the subpoena.

### 4.     Unduly Burdensome or Intrusive Discovery

Under the final factor, the Court considers whether the discovery sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. TrueLake seeks documents regarding the access of Sanli Ma's work on NetEase platforms starting five years before the subpoena is served. Dkt. No. 1 at 14, Ex. A. Specifically, TrueLake seeks documents that establish how many times performances were accessed and user information of those who accessed them. *Id.* at 14–15. TrueLake also seeks any communications regarding access to and ownership rights of the recordings, and information regarding the value NetEase derived from providing access to the protected work. *Id.* The Court finds that the subpoena targets information regarding the users of the accounts that accessed the protected work and that quantifies the extent of the alleged

infringement. The subpoena calls for what may be a very large volume of information, and may ultimately be shown to be burdensome based on the alleged number of times the work has been improperly accessed. While it is a closer call than usual in the Court's experience with § 1782 applications, the Court cannot find that the subpoena is so unduly burdensome on its face so as to warrant denial of the application. Importantly, NetEase will have the opportunity to substantively object to the discovery sought on burden, overbreadth, and any other available grounds. Therefore, the fourth *Intel* factor weighs narrowly in favor of authorizing the service of the subpoena.

## IV. CONCLUSION

Accordingly, the Court **GRANTS** the application. TrueLake may serve the proposed subpoena on NetEase. *See* Dkt. No. 1, Exhibit A. NetEase shall have 21 days from the date of the notice to file any motion contesting the subpoena.

**IT IS SO ORDERED.**

Dated: 3/7/2023

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

7